**H. K. STECHER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37931.**

Court of Criminal Appeals of Texas.

Oct. 13, 1965.

J. Charles Whitfield, Jr., Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, W. Louis White and Charles M. Pribilski, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is a violation of an ordinance of the City of Houston which provides that it shall be unlawful to park or stand any vehicle other than a commercial vehicle in any truck loading zone during certain hours; the punishment, a fine of $200.00.

In view of our disposition of this case it will not be necessary to set forth the facts. By specially requested charge which was by the Court refused to which appellant preserved his exception, appellant asked that the jury be given a definition of a commercial vehicle in the terms of the city ordinance # 41–2(A) (9). Instead, the Court gave the definition found in Article 6675a–1 (i), Vernon's Ann.Civ.St., but added thereto the following paragraph:

> "You are instructed that commercial motor vehicle, as used above, means any motor vehicle bearing a commercial license plate."

By adding the above definition, which is not a requirement of either the ordinances of the City of Houston or the State statutes, the court placed upon the appellant an undue burden and in so doing fell into error which calls for a reversal of this conviction. This is especially true in the case at bar because the officer's testimony upon which this conviction rests was that appellant's automobile did not have a commercial vehicle license plate.

The judgment is reversed, and the cause is remanded.